275 So.2d 451 (1973)
SHREVEPORT BANK AND TRUST COMPANY, Plaintiff-Appellee,
v.
Mrs. Frank W. TYLER, Defendant-Appellant.
No. 12030.
Court of Appeal of Louisiana, Second Circuit.
March 6, 1973.
Miller & De Laune, by Donald R. Miller, Shreveport, for defendant-appellant.
Lunn, Irion, Switzer, Johnson & Salley, by James B. Gardner, Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and HEARD, JJ.
BOLIN, Judge.
Shreveport Bank and Trust Company, as payee of a promissory note, brought suit against Mrs. Frank W. Tyler, who cosigned the instrument with her husband. Subsequent to the signing of the note Mr. and Mrs. Tyler were judicially separated and Mr. Tyler filed a petition in bankruptcy. Following trial the lower court rendered judgment in favor of plaintiff and against defendant who has appealed. We affirm the judgment.
Appellant contends she is not liable on the community debt since there is no pleading nor proof that she intended to obligate herself personally to pay a community debt. Cited in support of this contention are Louisiana Civil Code Article 2403, Louisiana Revised Statutes 9:101-9:104, and Wilson & Gandy v. Cummings (La.App. 2d Cir. 1933) 150 So. 436. Alternatively, Mrs. Tyler contends that if she is found to be liable, she should only be condemned to pay one-half of the amount due on the note. Basis for this contention is that there were no words in the note sufficient to create a solidary obligation.
Mrs. Tyler testified that when she signed the note she was fully aware of what she was doing and that no one forced her to sign. She testified further the money obtained from the bank was for the payment of dental expenses for the children and medical expenses for the husband. The evidence establishes that subsequent to the signing of the note the parties were separated by judgment of the court; that Mr. Tyler filed a petition in bankruptcy and was discharged from his debts, one of which was the note here sued upon. The trustee in bankruptcy testified the funds procured from the sale of the husband's share of the community property have not been disbursed to the unsecured creditors, although Mrs. Tyler has received $3,449.23 from the sale of the community home. He further testified there was no record of Mrs. Tyler ever taking bankruptcy.
*452 The note, which was filed in evidence, is on a printed form, prepared by plaintiff bank and contains the following words:

"I promise to pay to the order of the Shreveport Bank and Trust Company at its principal place of business in the City of Shreveport, the sum of One Thousand Eight Hundred, Twelve & 72/100 dollars ($1812.72) in 23 equal monthly instalments of seventy six and no/100 Dollars each and a last or final instalment of Sixty Four & 72/100 Dollars . . . (Emphasis added)
 S/ Frank W. Tyler
 S/ Mrs. Frank W. Tyler"
Louisiana Revised Statutes 7:17(7) provides:
"(7) Where an instrument containing the words `I promise to pay' is signed by two or more persons, they are deemed to be jointly and severally liable thereon."
The common law phrase "jointly and severally liable", referring to persons who sign a note containing the words "I promise to pay" is tantamount to the civil law term "liable in solido". [See cases interpreting Louisiana Revised Statutes 7:17(7) and Louisiana Civil Code Article 2082]
In Consolidation Loans, Inc. v. Guercio (La.App. 1st Cir. 1967) 200 So.2d 717, 719-720, the court distinguished the Wilson case, cited by appellant, and held as follows:
". . . It is settled beyond peradventure of argument that the wife who joins her husband in the execution of a promissory note and mortgage binds herself personally thereon and may be sued individually for such indebtedness. (cited cases omitted)"
With regard to the necessity of pleading and proving defendant's intention to be bound the court in Consolidation Loans concluded that since the wife conceded her voluntary execution of the instrument; made no claim of fraud, duress, intimidation or deceit attending her signing of the note; and raised no question regarding plaintiff's position as holder in due course, she was precluded from contending she had no intention to be personally bound. See Friendly Loans, Inc. v. Morris (La. App. 1st Cir. 1962) 142 So.2d 810.
In Friendly Loans Inc. v. Robinson (La. App. 1st Cir. 1972) 268 So.2d 711, the foregoing rules were reiterated and seem now to have become firmly established in the jurisprudence. In that case, as in the one before us, the wife had signed a note with her husband and the couple was later divorced. It was admitted the debt was contracted during the existence of and for the benefit of the community. It was further conceded that, under the provisions of Louisiana Revised Statutes 9:103, a married woman who signs a promissory note with her husband is personally liable thereon, both during the marriage and after a legal separation. The defendant wife renounced the community and thereby sought to relieve herself of personal liability. The court refused to allow defendant to avoid her personal liability, referring to Louisiana Civil Code Articles 2403, 2409 and 2410, and stated categorically:
". . . the wife, by signing her name to the note, as a solidary obligor, created a separate debt, and thereby obligated her separate estate for the payment thereof. . . ." (Emphasis ours)
For the foregoing reasons we affirm the judgment of the trial court at appellant's cost.