**Eugene J. ST. MARIE and Margaret St. Marie, wife of Eugene J. St. Marie**

**v.**

**SOUTHLAND MOBILE HOMES, INC.**

**Civ. A. No. 73–1541.**

United States District Court,
E. D. Louisiana.

April 25, 1974.

Russell & DeRussy, Patrick D. Breeden, New Orleans, La., for plaintiffs.

Gordon Hackman, Boutte, La., for defendant.

Fred Clegg Strong, Harry E. Kuhner, II, Legier, McEnerny, Waguespack, Kuhner & Scoggin, New Orleans, La., for National American Bank.

MINUTE ENTRY

ALVIN B. RUBIN, District Judge.

After the Court entered summary judgment for the plaintiffs in this suit under the Truth-in-Lending Act, 15 U. S.C.A. § 1601 et seq., they moved for reconsideration of their motion. Plaintiffs argue that they are entitled to two statutory penalties since, as joint obligors in the transaction from which the suit arose, they both are persons to whom accurate disclosure was due under the Act.

There is some support for this position, although counsel have not suggested and the Court has not found any reported cases dealing with the issue. The statute itself provides, in § 130 (15 U.S.C.A. § 1640), "any creditor who fails in connection with any consumer credit transaction to disclose to any person any information required under this chapter to be disclosed to that person is liable to that person [for the statutory penalty]." In a recommendation which plaintiffs' attorney appended to the motion for reconsideration, an Atlanta special master found in this language authority to impose two penalties in a case similar to this one.

On the other hand, the Act does make explicit provision—although not in the penalty section—for cases involving two obligors: if they are jointly liable, the creditor need furnish only one disclosure statement to one of the debtors. 15 U. S.C.A. § 1631(b); 12 C.F.R. § 226.6(e). Though the manner in which the Act requires disclosure is not conclusive in interpreting the penalty provisions, it is persuasive.

The Court concludes that the policy of the Act would best be served by impos-

ing only one penalty in cases of this kind. The plaintiffs here are husband and wife; they financed the purchase of a mobile home, and received the faulty disclosure statement, as a family unit rather than as two separate debtors. A different result might be reached if their interests conflicted, or if they were two individuals, each paying part of the purchase price and finance charge out of separate funds. But that is not the case here, and the motion to reconsider is accordingly denied.