In re Fred Lee WILSON and Judy Ann Wilson, Bankrupts.

Michael N. TOUSEY, Trustee, Plaintiff,

v.

The PARK NATIONAL BANK, Defendant.

Nos. B2 74–1620, B2 74–1621.

United States District Court, S. D. Ohio, E. D.

Nov. 13, 1975.

752

Michael N. Tousey, Columbus, Ohio, for plaintiff.

James H. McNenny, Newark, Ohio, for defendant.

## OPINION AND ORDER

DUNCAN, District Judge.

Fred L. Wilson and Judy A. Wilson filed petitions in bankruptcy on August 19, 1974. Thereafter, Michael N. Tousey, as trustee, commenced a civil action before the Bankruptcy Court against Park National Bank, alleging that Park National had violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, when it financed the Wilson's purchase of a truck on January 30, 1974. The Bankruptcy Judge' determined in his order of March 12, 1975, that Park National Bank was liable pursuant to 15 U.S.C. § 1640 for its failure to include on the face of a disclosure statement its own name as creditor. This matter is presently before this Court upon the cross appeals of Park National and the trustee. Jurisdiction of the Bankruptcy Court is not challenged, *cf. In re Warren,* 387 F.Supp. 1395, 1403 (S.D.Ohio 1975).

Except for its failure to identify the creditor involved, the disclosure statement provided to the Wilsons by Park National was complete. The annual percentage rate of the finance charge, the dollar amount of the finance charge, the dollar amount of the required installment payments, and other pertinent information was disclosed.

Park National Bank argued before the Bankruptcy Judge that the omission of the identity of the creditor was a clerical mistake attributable to its printer, and, further, that actual knowledge by the Wilsons of the identity of the creditor obviated the need for written disclosure. The Bankruptcy Court found that the Wilsons did in fact know the identity of their creditor, but it rejected both this defense and the clerical error defense. Park National has abandoned these questions on appeal to this Court.

12 C.F.R. § 226.8(a) requires, in part, that the creditor furnish the debtor a copy of the "statement by which the required disclosures are made and on which the creditor is identified." Emphasizing the language, "and on which the creditor is identified," the trustee in bankruptcy argues, and the Bankruptcy Judge so held, that the identity of the creditor is an item of required disclosure under the Truth in Lending Act. The section of the statute which imposes civil liability for violation of the act is 15 U.S.C. § 1640. On January 30, 1974, when Park National loaned the money to the Wilsons, § 1640 provided, in pertinent part, that

[A]ny creditor who fails in connection with any consumer credit transaction to disclose to any person any information required under this part to be disclosed to that person is liable to that person . ..

Section 408(a) of Title IV of P.L. 93–495, enacted on October 28, 1974, amended § 1640 to read as follows:

[A]ny creditor who fails to comply with any requirement imposed under this part or part D of this subchapter with respect to any person is liable to such person . . ..

Section 408(e) of P.L. 93–495 provides that this amendment to § 1640

shall apply in determining the liability of any person under chapter 2 or 4 of the Truth in Lending Act, unless prior to the date of enactment of this Act [October 28, 1974] such liability has been determined by final judgment of a court of competent jurisdiction and no further review of such judgment may be had by appeal or otherwise.

Since the complaint of the trustee in bankruptcy was not filed in the court below until November 15, 1974, it would appear that the 1974 amendment of § 1640 controls in this case.

Park National Bank is liable under the Truth in Lending Act, then, if it failed to comply with *any requirement* imposed by 15 U.S.C. §§ 1631–44. Section 1640(a), as amended, no longer turns on the failure to disclose information, but imposes liability for failure to comply with any requirement imposed by Part B of the Act. 15 U.S.C. § 1631 requires, in turn, that

Each creditor shall disclose clearly and conspicuously, *in accordance with the regulations of the Board* [of Governors of the Federal Reserve System], to each person to whom consumer credit is extended . . . the information required under this part. (Emphasis supplied.)

The regulations of the Board of Governors include the 12 C.F.R. § 226.8(a) requirement that the creditor furnish the debtor a copy of the "statement by which the required disclosures are made and on which the creditor is identified."

In light of these provisions in the statute and the regulations, Bankruptcy Judge Dilenschneider properly held that Park National's omission of its name on the disclosure statement was a violation, albeit a technical one, of the Truth in Lending Act. 15 U.S.C. § 1631 requires that disclosures be made in accordance with Board regulations, and the regulations require that the identity of the creditor appear on the disclosure form. Omission of the identity of the creditor on the disclosure statement is, therefore, a failure to comply with a requirement imposed by the Truth in Lending Act, and renders Park National civilly liable to the bankrupt estates under 15 U.S.C. § 1640.

The cross-appeal of the trustee in bankruptcy concerns the refusal of the Bankruptcy Judge to allow Mr. and Mrs. Wilson each to recover a $1,000.00 statutory penalty. In *St. Marie v. Southland Mobile Homes,* 376 F.Supp. 996 (E.D.La.1974), the Court held that a husband and wife are entitled to one penalty where they entered into the credit transaction "as a family unit rather than as two separate debtors." See also *Simmons v. American Budget Plan, Inc.,* 386 F.Supp. 194, 201 (E.D.La.1974). Treating the trustee's appeal as properly before this Court, then, his assignment of error is overruled.

It is ORDERED that the decision of the Bankruptcy Court in these cases be, and it hereby is, AFFIRMED.