Mr. and Mrs. Archie DAVIS, Plaintiffs-Appellees Cross Appellants,

v.

UNITED COMPANIES MORTGAGE AND INVESTMENT OF GRETNA, INC., Defendant-Appellant Cross Appellee.

No. 75–1486.

United States Court of Appeals, Fifth Circuit.

May 9, 1977.

Rehearing and Rehearing En Banc Denied June 7, 1977.

Ralph Dwyer, Jr., New Orleans, La., for defendant-appellant cross appellee.

Michael Osborne, Patrick A. Rankin, New Orleans, La., for plaintiffs-appellees cross appellants.

Before JONES, WISDOM and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

The defendant made a consumer loan to plaintiffs for the purpose of financing repairs and renovations to plaintiffs' home, secured by a first mortgage on the home.

The lender's copy of the disclosure statement disclosed a $7.35 per month

charge for fire insurance in space marked "Escrow for: Fire Insurance." The borrowers' copy did not contain this disclosure. This violated the requirement in Regulation Z of a "duplicate" instrument. 12 C.F.R. § 226.8(a). The monthly fire insurance premium was not included in the computation of the amount and total of monthly payments, a violation of 15 U.S.C. § 1639(a)(6) and 12 C.F.R. § 226.8(b)(3), nor was it reflected in the total "finance charge," a violation of 15 U.S.C. §§ 1605(c), 1639(a)(4), and 12 C.F.R. § 226.4(a)(6).[1] The district court did not err in directing rescission as permitted by the Truth in Lending Act, 15 U.S.C. § 1635(a).[2]

We affirm the award of $3,500 attorney fees to plaintiffs. 15 U.S.C. § 1640(a)(3). Plaintiffs are awarded an additional attorney fee of $500 for services on this appeal. *Id.*

The court awarded a statutory penalty of $1,000 pursuant to 15 U.S.C. § 1640(a)(2)(A). By cross appeal plaintiffs claim that they are entitled to two penalties because both husband and wife signed note and mortgage. We think they are correct. Because both signed the mortgage and promissory note, under Louisiana law each is jointly and severally liable for the repayment of the debt. *Consolidation Loans, Inc. v. Guercio,* 200 So.2d 717 (La.App.,1967); *Shreveport Bank and Trust Co. v. Tyler,* 275 So.2d 451 (La.App.,1973). Cf. *Mitchell v. C.I.R.,* 430 F.2d 1 (C.A.5,1970). The Truth in Lending Act, 15 U.S.C. § 1631(a), provides:

> Each creditor shall disclose clearly and conspicuously, in accordance with the regulations of the Board, *to each person to whom consumer credit is extended,* the information required under this part . . . . (Emphasis added.)

In this case, under Louisiana law, credit was extended to both husband and wife. The civil liability section of the Act, 15 U.S.C. § 1640(a) says:

> . . . any creditor who fails to comply with *any requirement* imposed under this part . . . with respect *to any person* is liable to *such person* in an amount equal to the sum of—. . . (2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, . . . except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000 . . . . (Emphasis added.)

The trial court found and we have affirmed that appellant violated the Truth in Lending Act by failing to comply with all the requirements of the Act in this transaction. The creditor did not fulfill the dictates of the Act to either borrower involved in this credit transaction. Section 1640 makes the creditor liable to "any person" with respect to whom it fails to meet the requirements of the Act. Here, since there were two borrowers and hence failure to comply with the Act as to two persons, two statutory penalties will be imposed. *Mason v. General Finance Corp. of Virginia,* 401 F.Supp. 782 (E.D.Va.,1975). See also, *Allen v. Beneficial Finance Co.,* 531 F.2d 797 (CA7,1976); *Simmons v. American Budget Plan, Inc.,* 386 F.Supp. 194 (E.D.La.,1974); *Gillard v. Aetna Finance Co., Inc.,* 414 F.Supp. 737 (E.D.La.,1976); *Rivers v. Southern Discount Co.,* 4 CCH Consumer Credit Guide ¶ 98,796 (N.D.Ga.,1973).

We are aware that some courts have allowed only one recovery in cases similar to

---

**1.** 15 U.S.C. § 1605(c) provides that charges for insurance shall be included in the finance charge unless "a clear and specific statement in writing is furnished by the creditor to the person to whom the credit is extended, setting forth the cost of the insurance if obtained from or through the creditor, and stating that the person to whom the credit is extended may choose the person through which the insurance is to be obtained." No such statement was given to the borrower here.

**2.** We need not consider other grounds, which include lender's retaining in escrow a substantial part of the loan proceeds to be disbursed to the builder doing the repair and renovation, retention by the lender of a part of these funds after the builder abandoned the job, and use by the lender of part of the escrow funds to pay a "moral obligation" to a lumber supplier.

this.[3] We believe our result is more consonant with the plain language of the statute and with the law of Louisiana. *St. Marie v. Southland Mobile Homes, Inc.*, 376 F.Supp. 996 (E.D.La.,1974), held that only one penalty should be imposed because when husband and wife sign in a credit transaction the "family unit" is obligated, and there are not two separate obligors.[4] We understand the Louisiana law to be otherwise. *Doggett v. Ritter Finance Co. of Louisa*, 384 F.Supp. 150 (W.D.Va.,1974), rests on the theory that if there are two borrowers each jointly and severally liable for the entire amount, each has been extended one-half the credit and each should get one-half the penalty. This does not accord with joint and several liability for the full amount.[5]

AFFIRMED on the appeal. AFFIRMED as modified on the cross-appeal.

JONES, Circuit Judge, dissenting in part:

But for the precedents [1] by which I am bound I might have thought that the penal statute here involved should be strictly construed and if so construed would not apply to an insurance premium which was no part of the hire of the money loaned. However stare decisis requires my concurrence in the conclusion that the statute permits the imposition of a penalty for the omission of the insurance premium from the disclosure statement furnished to the appellees.

There was a legal joint and several liability of both the husband and the wife for payment of the single loan made to them as a family unit. They knew, of course, that the insurance premiums had to be paid, but because of the omission from the disclosure

the maximum penalty was imposed and then doubled because the husband and wife family unit was composed of two persons.

The legislative history of the statute shows that it was not intended that a double penalty should be imposed. In H. R. Rep. No. 1040, 90th Cong., 1st Sess. (1967) (to accompany H. R. 11601), 1968 U.S. Code Cong. & Admin. News, pp. 1962, 1976 it is said:

"Any creditor failing to disclose required information would be subject to a civil suit with a penalty equal to twice the finance charge, with a minimum penalty of $100 and a maximum penalty not to exceed $1,000 on any individual credit transaction."

The cases cited in the opinion of the majority present different theories for imposing dual penalties. *Mason v. General Finance Corp. of Virginia*, 401 F.Supp. 782 (E.D.Va.,1975), and *Allen v. Beneficial Finance Co.*, 7th Cir. 1976, 531 F.2d 797 rely upon the "any person" language found in Sec. 1640(a), and hold that since both a husband and wife are technically obligors who deserve disclosure both qualify as a "person" to whom the creditor has failed to fulfill the disclosure requirements, entitling each to a penalty. *Simmons v. American Budget Plan, Inc.*, 386 F.Supp. 194 (E.D. La.,1974), and *Gillard v. Aetna Finance Co., Inc.*, 414 F.Supp 737 (E.D.La.,1976) hold that when the loan involves a security interest in the principal residence of the obligors each is entitled to receive a disclosure statement and therefore each has been harmed by the failure of the creditor. *Riv-*

3. Judge Jones, in dissent, finds from the legislative history that Congress did not intend two penalties in a case such as this, relying upon language from the House Report referring to a maximum penalty "not to exceed $1,000 on any individual credit transaction." The phrase "any individual credit transaction" is an ambiguous one, but it seems to us not applicable to a transaction in which under local law both husband and wife were extended credit and were jointly and severally liable for the entire debt. In any event, the result which we reach is, we think, required by the language of the statute itself.

4. Also following the "family unit" theory is *In re Wilson*, 411 F.Supp. 751 (S.D.Ohio,1975).

5. Also, because we have based our result on the wording of 15 U.S.C. §§ 1631 and 1640 we need not decide whether two disclosure statements were required under 12 C.F.R. § 226.6(e), thus giving rise to two recoveries under different reasoning. *See Simmons, supra, Powers v. Sims and Levin Realtors*, 396 F.Supp. 12 (E.D. Va.,1975). Cf. *Gerasta v. Hibernia Nat. Bank*, 411 F.Supp. 176 (E.D.La.,1975).

1. Cited in the opinion of the majority.

ers v. Southern Discount Co., 4 CCH Consumer Credit Guide, Sec. 98,796 (N.D. Ga.,1973) justifies dual penalties as a sort of quid pro quo for the creditor's obtaining two signatures on the loan. The only unifying thread running throughout these cases is that the liability of both husband and wife justifies recovery by both. In these cases consideration was not given to the proposition that a single loan to a single family to finance repairs to a single home constituted an "individual credit transaction" with only a single penalty permitted.

It is conceded in the majority opinion that some courts have allowed only a single penalty recovery in such cases as this. In *St. Marie v. Southland Mobile Homes, Inc.*, 376 F.Supp. 996 (E.D.La.,1974) it is recognized that both husband and wife are technically separate obligors, but it is held that where a single transaction creates an indebtedness of a single family, the unitary nature of the transaction and harm to the husband and wife as a family is best remedied by a single penalty.

The framers of the legislation intended to limit the penalty to $1000 in any individual credit transaction. This decision permits that maximum to be multiplied by the number, however many, of joint and several obligors. I would limit recovery to a single obligor.

The insertion of footnote 3 in the majority opinion, after the foregoing portion of this dissent was submitted, requires the comment that none of the dictionaries to which I have access indicate that, prior to this decision, the word "individual" has been regarded as ambiguous.