**Thomas J. ROGERS and Phyllis Rogers, Plaintiffs,**

v.

**FRANK JACKSON LINCOLN–MERCURY and Ford Motor Credit Company, Defendants.**

Civ. A. No. C77–39A.

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 27, 1978.

**1388**

Joseph Jones, Jr., Hill, Jones & Associates, Atlanta, Ga., for plaintiffs.

T. Cullen Gilliland, Hurt, Richardson, Garner & Todd, Atlanta, Ga., for Frank Jackson Lincoln-Mercury.

Morton P. Levine, Levine, D'Alessio & Cohn, Atlanta, Ga., for Ford Motor Credit Co.

## ORDER

HAROLD L. MURPHY, District Judge.

On March 30, 1976, Mr. and Mrs. Rogers, plaintiffs, executed a retail installment contract in connection with their purchase of a new 1976 Lincoln Continental from defendant, Frank Jackson Lincoln-Mercury (the "Dealer"). The Dealer simultaneously accepted the contract and assigned it to defendant Ford Motor Credit Company ("FMCC"). The Rogers have alleged various violations of the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq. ("the Act") in connection with this transaction, for which violations it is alleged that both defendants are liable. Jurisdiction is invoked under 15 U.S.C. § 1640(e).

Presently before the Court are cross-motions for summary judgment between the plaintiffs and each of the defendants. Although the plaintiffs have alleged multiple violations, the Court will address itself only to the plaintiffs' claim that defendant FMCC was a "creditor" as defined in Regulation Z, 12 C.F.R. § 226.2(s), and as such was not clearly identified in the manner required by Regulation Z, 12 C.F.R. § 226.-6(d).

With respect to this particular alleged violation, there is no genuine issue as to any material fact. Thus, disposition of these motions depends on whether any of the parties are entitled to a judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. The resolution of two issues will determine that entitlement. First, was FMCC a "creditor" as that term is defined in Regulation Z, 12 C.F.R. § 226.-2(s); and second, if so, was the designation of FMCC as assignee which appeared on the face of the retail installment contract sufficient disclosure clearly to identify FMCC as

a "creditor" in accord with Regulation Z, 12 C.F.R. § 226.6(d)?

## I

The Rogers contend that FMCC is a "creditor" within the meaning of Regulation Z.[1] In support of their contention, the Rogers point to a line of cases establishing the "conduit theory", whereby a financial company, such as FMCC, has been held to be a co-creditor when a seller, such as the Dealer, acts simply as a conduit for placing the finance company's contracts with consumers and then regularly assigns the contracts to the finance company. *Meyers v. Clearview Dodge Sales, Inc.*, 384 F.Supp. 722 (N.D.Ga.1974), *aff'd*, 539 F.2d 511 (5th Cir. 1976); *Philbeck v. Timmers Chevrolet, Inc.*, 361 F.Supp. 1255 (N.D.Ga.1973), *rev'd* on other grounds, 499 F.2d 971 (5th Cir. 1974); *Starks v. Orleans Motors*, 372 F.Supp. 928 (E.D.La.1974), *aff'd*, 500 F.2d 1182 (5th Cir. 1974). Under this theory, evidence that the seller (dealer) executes installment sales contracts on forms prepared by the finance company according to advice given to the seller (dealer) by the finance company serves further to document that the finance company and the seller (dealer) are the extender and arranger of the credit, respectively. *Meyers, supra; Philbeck, supra.*[2]

In the instant action, both defendants have asserted that FMCC was not a "creditor" but a "subsequent assignee".[3] However, in response to plaintiffs' request for admissions, both defendants admitted that FMCC prepared the forms and contracts the Dealer used when the purchase of motor vehicles was to be financed through FMCC; that FMCC finances more than fifty percent of all vehicles sold by the Dealer subject to the Act; and that there is an oral or written agreement between the Dealer and FMCC for the financing of the purchase of motor vehicles by customers of the Dealer. Further, FMCC admits that it provides the Dealer with recommendations on the manner in which the automobile retail installment contracts should be completed.[4] Based on the above admissions by the defendants, the Court finds that the Dealer acted as a conduit for FMCC, and that in the ordinary course of business, the Dealer regularly arranged and FMCC regularly extended credit to the Dealer's customers. Accordingly, FMCC is held to be a "creditor" here within the definition of Regulation Z, 12 C.F.R. § 226.2(s).

There is further basis for holding that FMCC was a "creditor" here. Without resort to the "conduit theory", the terms of the retail installment contract establish FMCC as a "creditor" within the definition of Regulation Z, 12 C.F.R. § 226.2(s).

1. Regulation Z defines "creditor" in pertinent part to mean

    a person who in the ordinary course of business regularly extends or arranges for the extension of consumer credit, or offers to extend or arrange for the extension of such credit, which is payable by agreement in more than four installments, or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise. 12 C.F.R. § 226.2(s).

2. Where there is a credit arranger there must obviously be a credit extender, and both are original creditors under the act [Consumer Credit Protection Act] and Regulation Z. *Meyers*, 539 F.2d at 515.

3. This term is not defined either by the Act or Regulation Z. The installment contract in this transaction was accepted and assigned simultaneously with one signature. Given the ordi-

nary usage of the words, the Court fails to see how the defendants logically can argue that FMCC was a "subsequent assignee".

Even if FMCC were a subsequent assignee, this alone would not preclude the Court's finding it to be a "creditor" under the Act and Regulation Z. The terms "subsequent assignee" and "creditor" are not mutually exclusive. *See, Meyers v. Clearview Dodge Sales, Inc.* 384 F.Supp. 722 (N.D.Ga.1974), *aff'd*, 539 F.2d 511 (5th Cir. 1976).

4. The Dealer, on the other hand, admits plaintiffs' request on this point, which request reads as follows:

    "7. That Ford Motor Credit Company provides instructions to Frank Jackson Lincoln-Mercury for the completion of Automobile Retail Installment Contracts; such instructions are required to be followed by Frank Jackson Lincoln-Mercury."

The Dealer's signature simultaneously accepted the contract and assigned it to FMCC making FMCC the Rogers' creditor, in the ordinary sense of the word. Since FMCC became the Rogers' creditor at the instant the transaction was consummated, the Court finds that FMCC extended "consumer credit."[5] in this transaction.[6] In its objections to the Magistrate's Report and Recommendation, FMCC's attorney refers the Court to a number of other decisions with this "same contract". On this basis[7] the Court finds that FMCC, in its ordinary course of business, regularly extends consumer credit and therefore holds that FMCC was a "creditor" for purposes of Regulation Z, 12 C.F.R. § 226.2(s).

## II

■ Regulation Z requires that where there are multiple "creditors" in a transaction, each "creditor" must be "clearly identified". 12 C.F.R. § 226.6(d). Defendants are correct in their assertion that Regulation Z does not compel the use of the word "creditor" in their disclosure.[8] If the disclosure clearly communicates that the entity identified is a "creditor", the regulation is met.

The retail installment contract involved in this action contains, on its face, an assignment clause immediately to the left of the Rogers' signatures which designates FMCC as assignee and refers to the terms of the assignment set forth on the back of the contract.[9] The defendants contend that their designation of FMCC as the assignee of the contract sufficiently identifies FMCC as a "creditor".

The question arises whether the "disclosure" comprises only the assignment clause which appears on the face of the contract or whether it includes the terms of assignment on the back of the contract to which the assignment clause refers. However, it is unnecessary to answer this question. In either case the disclosure is insufficient.

■ In the first instance, the assignment clause considered alone does not clearly communicate that FMCC is a "creditor". It is not the case that all assignees are creditors. Thus it cannot be said that the designation of FMCC as assignee clearly identifies FMCC as a "creditor". In the second instance, if the terms of assignment set out on the back of the contract are included in the "disclosure", the defendants have failed to meet Regulation Z's requirement that all disclosures "be made together on either: (1) The note or other instrument evidencing the obligation on the same side of the page and above the place for the customer's signature;[10] or (2) One side of a separate statement which identifies the transaction." 12 C.F.R. § 226.8(a). Furthermore, it has been held that a "creditor's" address which is lacking here, is a necessary disclosure for compliance with Regulation Z, 12 C.F.R. § 226.8(a). *Welmaker v. W. T. Grant Company*, 365 F.Supp. 531 (N.D.Ga.1972). The Court holds that defendants have not in this instance "clearly identified" FMCC as a

---

**5.** "Consumer credit" means credit offered or extended to a natural person, in which the money, property, or service which is the subject of the transaction is primarily for personal, family, household or agricultural purposes. 12 C.F.R. § 226.2(p).

**6.** This finding is buttressed by the defendants' admissions that FMCC received plaintiffs' credit application from the Dealer prior to or contemporaneously with the receipt of the contract.

**7.** *See Munoz v. Int'l Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of United States and Can.,* 563 F.2d 205, 214 (5th Cir. 1977) (cases cited).

**8.** However, this would undoubtedly be the clearest form of identification.

**9.** The clause itself is not captioned or set apart by bold-face. In fact, it is in smaller type than any of the surrounding print. Even if this were found to be a sufficient disclosure in every other respect, it could not be said as a matter of law that this disclosure was clear and conspicuous as required by the Act, 15 U.S.C. § 1631(a), and Regulation Z, 12 C.F.R. § 226.-6(a). *See generally Andrucci v. Gimbel Brothers, Inc.,* 365 F.Supp. 1240 (W.D.Pa.1973), *aff'd,* 505 F.2d 729 (3d Cir. 1974).

**10.** Nor is the Federal Reserve Board's interpretation, 12 C.F.R. § 226.801, of any assistance to the defendants here.

"creditor" in the manner required by Regulation Z, 12 C.F.R. § 226.8(a).[11]

### III

■ Since the Court holds that FMCC was a "creditor" and as such was not clearly identified in the manner required by Regulation Z, it is not necessary to deal with the other violations alleged by the plaintiffs. *Mourning v. Family Publications Service,* 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973); *McGowan v. King, Inc.,* 569 F.2d 845 (5th Cir. 1978). Plaintiffs have established their entitlement to judgment as a matter of law.

11. On the basis of this holding, it is unnecessary to reach the issue of whether the assignment clause taken together with the terms of assignment would clearly communicate that

Accordingly, plaintiffs' motion for summary judgment is GRANTED, defendant Ford Motor Credit Company's motion for summary judgment is DENIED, and defendant Frank Jackson Lincoln Mercury's motion for summary judgment is DENIED. Each plaintiff is awarded the maximum statutory penalty of $1,000.00, *Davis v. United Companies Mortgage and Investment of Gretna, Inc.,* 551 F.2d 971 (5th Cir. 1977), plus costs and reasonable attorney's fees.

SO ORDERED, this the 27th day of September, 1978.

FMCC was a "creditor". Thus, no affirmative standard for the Court's "clear communication" test is established.