WRIGHT, Presiding Judge.
The plaintiff, Beneficial Finance, filed an action against the defendants, Patrick and Connie Kelly, to recover on a promissory note. The defendants counterclaimed for statutory penalties alleging violations of the Federal Truth in Lending Act. 15 U.S.C. § 1601 et seq. The trial court entered judgment in favor of the plaintiff for $1,346.68 plus an attorney’s fee of $202. The court also entered judgment in favor of defendants for $928.44 on their counterclaim plus a $200 attorney’s fee.
Defendants’ appeal contending that the statutory award equal to double the amount of the plaintiff’s finance charge, or $928.44, should be applied so that each defendant would recover $928.44 plus reasonable attorneys’ fees. Defendants also contend the trial court abused its discretion by awarding an attorney’s fee of only $200.
The applicable statute made the basis of the defendants’ recovery is 15 U.S.C. § 1640(a):
“Except as otherwise provided in this section, any creditor who fails in connection with any consumer credit transaction to disclose to any person any information required under this part to be disclosed to that person is liable to that person in an amount equal to the sum of
(1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000; and
(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorney’s fee as determined by the court.
The primary issue to be decided on this appeal is simply whether the statutory language gives rise to separate awards for co-obligors to whom credit is extended and who are jointly and severally liable for a debt. We conclude that it does and reverse and remand.
The federal courts are not in agreement on this question although the weight of authority favors a recovery by each obligor. The Fifth and Seventh Circuit Courts have consistently held that the statute in question gives rise to a right of recovery by each individual co-borrower in the amount of twice the finance charge imposed by a creditor where that creditor has violated Truth in Lending disclosure requirements. Davis v. United Companies Mortgage and Investment of Gretna, Inc., 551 F.2d 971 (5th Cir. 1977); Berryhill v. Rich Plan of Pensacola, 578 F.2d 1092 (5th Cir. 1978); Allen v. Beneficial Finance Company of Gary, Inc., 531 F.2d 797 (7th Cir. 1976); Mirabal v. General Motors Acceptance Corp., 537 F.2d 871 (7th Cir. 1976).
On the other hand, the Fourth Circuit Court has held that where husband and wife are joint obligors in a single transaction, only one statutory penalty can be imposed. Powers v. Sims & Levin, 542 F.2d 1216 (4th Cir. 1976); Mason v. General Finance Corp. of Virginia, 542 F.2d 1226 (4th Cir. 1976). The rationale in these cases limiting husband and wife to only one penalty seems to be that when husband and wife sign in a credit transaction, only one “family unit” is obligated and there are not really two separate obligors.
Other courts have found separate recoveries by joint obligors barred by the section of the Truth in Lending Law which deals with general disclosure requirements, 15 U.S.C. § 1631. See, e. g., St. Marie v. Southland Mobile Homes, 376 F.Supp. 996 (E.D.La.1974). That section reads in part:
“(a) Each creditor shall disclose clearly and conspicuously, in accordance with the regulations of the Board, to each person to whom consumer credit is extended, the information required under this . . . chapter,
(b) If there is more than one obligor, a creditor need not furnish a statement of information required under this . . . chapter to more than one of them.”
These courts have equated “statement of information” with the general requirement *340 to disclose. Therefore since the creditor is only required to provide one statement, he has failed to disclose only to the obligor to whom the statement is given. However, the flaw in this reasoning is that multiple obligors are expected to look at and rely upon the one statement given. Allen v. Beneficial Finance Company of Gary, Inc., Supra. Congress appears to have included sub-paragraph (b) merely to facilitate compliance with the Act as indicated from the following House Report:
“In order to reduce needless paperwork, disclosure need only be made to one obli-gor. For example, if two people (e. g. a husband and wife) are the obligors, only one copy of the contract with the required disclosure information would need to be furnished.” H.R.Rep.No.1040, 90th Cong., 1st Sess. (1967) (to accompany H.R.11601), 1968 U.S.Code Cong, and Admin.News, pp. 1962, 1984.
Most courts allowing recovery by both obligors have based their decision on the plain wording of the statute. A creditor is required to disclose “to any person” the information required and is liable “to that person” for the statutory penalty if disclosure is inadequate. In Davis v. United Companies Mortgage and Investment of Gretna, Inc., Supra, the Fifth Circuit Court of Appeals said that since under Louisiana law both husband and wife were jointly and severally liable for the entire debt, each would be entitled to the statutory penalty.
In the present case, both Patrick and Connie Kelly were required to sign the note on which plaintiff brought suit. They became jointly and severally liable to plaintiff under Alabama law. Rhodes v. Tomlin, 267 Ala. 491, 102 So.2d 904 (1958). Construing the statute most strictly against the creditor and to be consistent with the federal court construction in this circuit, we find plaintiff owed a duty of disclosure to each defendant, and each defendant is entitled to recover the statutory penalty of double the amount of plaintiff’s finance charge.
Defendants also contend that the award of only $200 as an attorney’s fee was an abuse of discretion. However, we note from a careful reading of the record that the only evidence of an attorney’s services is an affidavit of defendants’ counsel contained in defendants’ motion for summary judgment. As the case did not proceed by summary judgment, nor was the affidavit of attorney’s services introduced at trial, the court had no evidence properly before it upon which to base an award of attorney’s fee. It therefore cannot be held in error upon its award. Ledyard v. Ledyard, 46 Ala.App. 27, 237 So.2d 511 (1970).
However, as the judgment must be reversed and the case remanded, opportunity for presentation of evidence as to an attorney fee for each defendant may be presented.
On remand each defendant should be granted an award on the counterclaim equal to double the plaintiff’s finance charge or $928.44, and a reasonable attorney fee. This case is reversed and remanded with instructions.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.