ELLIS, Judge:
On October 22, 1976, Ivory B. London purchased various articles of furniture from Olinde Hardware and Supply Co., Inc., for a *1247 total base price of $1,314.19 including taxes. A finance charge of $353.36 was added, making a total of $1,667.55. Mr. London executed a combination invoice, sale and chattel mortgage, which document carried the number 2143Ó. On November 2, 1976, Mr. London and Esther Selena Davis purchased a refrigerator from Olinde for a base price of $315.88, including taxes. The same combination invoice, sale and chattel mortgage form was used, and only the refrigerator is specifically described thereon. To the price of $315.88 was added the sum of $1,314.19, identified as “Invoice # 21430,” for a total of $1,630.07. To this was added a finance charge of $438.01, making a total of $2,068.08. Both Mr. London and Ms. Davis signed the sale and chattel mortgage as well as a promissory note. The sale and chattel mortgage was not notarized or otherwise acknowledged, nor was the note par-aphed for identification therewith.
This suit was brought by Olinde against both Mr. London and Ms. Davis, alleging a balance due on the note, allowing for a credit for unaccrued interest, of $1,815.15, plus interest and attorney’s fee. Service was not effected upon Mr. London, but Ms. Davis has answered, denying the allegations of the petition. She also filed a reconven-tional demand against Olinde, alleging violation of Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq., and Regulation Z of the Federal Reserve Board, 12 C.F.R. 226.1 et seq., by virtue of which it is alleged that Olinde is liable to Ms. Davis for certain offsets against the main demand.
Trial was held on the merits on a stipulation of fact, and the note and two invoice, sale and chattel mortgage forms executed by Mr. London and Ms. Davis. Judgment was rendered in favor of plaintiff and defendant has appealed.
In this- Court, Ms. Davis does not contest her liability on the main demand, but alleges that plaintiff is liable for civil penalties because of the violations of the Consumer Protection Act, supra, which penalties she claims as an offset against the main demand.
Defendant claims, specifically, that the disclosures required are not made in the proper form or location, and that the property subject to the security interest retained is not clearly identified.
12 Code of Federal Regulations § 226.-801(b), provides:
“Where a creditor elects to combine disclosures with the contract, security agreement, and evidence of a transaction in a single document, the disclosures required under § 226.8 shall, in accordance with § 226.6, be made on the face of that document, on its reverse side, or on both sides: Provided, That the amount of the finance charge and the annual percentage rate shall appear on the face of the document, and, if the reverse side is used, the printing on both sides of the document shall be equally clear and conspicuous, both sides shall contain the statement, ‘NOTICE: See other side for important information,’ and the place for the customer’s signature shall be provided following the full content of the document.”
The invoice, sale and chattel mortgage form used by plaintiff is deficient in two respects. First, the phrase “NOTICE: See other side for important information” appears on neither side of the document. The phrase “Continued on Reverse Side” appears on the front thereof, but there is no similar phrase on the reverse. Second, the material on the reverse side is printed in a typeface substantially smaller than the material which appears on the front of the document.
We are further of the opinion that describing by invoice number only part of the property subject to the security interest retained is not a sufficient compliance with 15 U.S.C. § 1638(a)(10), which requires a “clear identification” of such property. We therefore hold that plaintiff has violated the disclosure provisions of the Consumer Credit Protection Act, in the foregoing respects, and is liable for civil penalties as provided therein.
Under 15 U.S.C. § 1640(a), the appropriate penalty is twice the amount of the finance charge, which was $438.01, or a *1248 total of $876.02. Ms. Davis is also entitled to a reasonable attorney’s fee, which we fix at $500.00.
Plaintiff claims that it was not required to make disclosures to Ms. Davis, because she was a party secondarily liable and not a purchaser. The invoice, sale and chattel mortgage show the purchaser of the merchandise to be Ivory London. Ms. Davis signed the form as a purchaser and signed the note as a cosigner. 15 U.S.C. § 1631(b) provides that if “there is more than one obligor, a creditor need not furnish a statement of information . to more than one of them.” 12 C.F.R. § 226.6(e) provides that “if there is more than one customer or lessee, the creditor or lessor need furnish a statement of disclosures required by this Part to only one of them other than an endorser, comaker, guarantor, or a similar party.” Plaintiff relies on the foregoing expressions to relieve it of the responsibility of making the required disclosures to Ms. Davis.
The federal courts have held that the obligation of the creditor to make the required disclosures only to the consumer who is primarily liable, under 12 C.F.R. 226.6(e), is merely to lessen the burden of paperwork. It does not operate to limit the right to recovery under this section to the primary obligor, if the disclosure to that one has been faulty. Allen v. Beneficial Finance Co. of Gary, Inc., 531 F.2d 797 (7th Cir. 1976); Tarplain v. Baker Ford, Inc., 466 F.Supp. 1340 (D.C.R.I.1979). This also means that both the primary obligor and the secondary obligor, whether cosigner or comaker, can recover the penalty provided. There is no requirement that the penalty be divided between them, and the cases which have so held, when husband and wife are the obligors, have been in general discredited. Those cases have also indicated, in dicta, that a different result would have been called for in the case of “individual” obli-gors. St. Marie v. Southland Mobile Homes, Inc., 376 F.Supp. 996 (E.D.La.1974), specifically discredited in Davis v. United Companies Mtg. & Inv. of Gretna, Inc., 551 F.2d 971 (5th Cir. 1977) and Berryhill v. Rich Plan of Pensacola, 578 F.2d 1092 (5th Cir. 1978). See also Tarplain, supra. These last three cases look specifically to the language in 15 U.S.C. § 1640(a) which provides for civil penalties to be awarded for failure to disclose to any person any information required under that subchapter. As for the apparent unfairness of this double exposure, the courts have looked to the practical side of the matter, ■ noting that because there were two obligors on the note, the creditor had twice the security for the obligation. Mirabal v. G.M.A.C., 537 F.2d 871 (7th Cir. 1976).
The judgment in favor of plaintiff and against defendant Esther Selena Davis on the main demand is affirmed. There will further be judgment in favor of defendant Esther Selena Davis and against plaintiff awarding to said defendant a set-off of $876.02, and an attorney’s fee of $500.00. All costs of this appeal shall be paid by plaintiff. Costs in the court below shall be equally shared by the parties hereto.
AFFIRMED IN PART, AMENDED IN PART AND RENDERED.