666 F.2d 97
 Janet CENANCE, Plaintiff-Appellee,
v.
BOHN FORD, INC., Defendant-Appellant,
Ford Motor Credit Company, Defendant-Appellant.
Nicole ANTONIO, Plaintiff-Appellant,
v.
CANAL MOTORS, INC., Defendant,
Ford Motor Credit Company, Defendant-Appellee.
Marion SHROPSHIRE, Plaintiff-Appellee,
v.
GEORGE THOMPSON FORD, INC., Defendant-Appellee,
v.
FORD MOTOR CREDIT CORPORATION, Defendant-Appellant.
Solomon WIGGS, Plaintiff-Appellee,
v.
FORD MOTOR CREDIT CORPORATION, Defendant-Appellant.
Jimmy W. FARRELL, Plaintiff-Appellee Cross-Appellant,
v.
FRANK JACKSON MOTORS, INC., d/b/a Jackson AMC-Jeep,
Defendant-Appellant Cross-Appellee.
Randolph BOOKER, Jr., Plaintiff-Appellee, Cross-Appellant,
v.
FORD MOTOR CREDIT COMPANY, Defendant-Appellant Cross-Appellee.
Nicholas STRZELECKI, Plaintiff-Appellee,
v.
TERRY FORD COMPANY and Ford Motor Credit Company,
Defendants-Appellants.
Michael Duane CULVER, Plaintiff-Appellee,
v.
GREENBRIAR LINCOLN MERCURY SALES, INC. and Ford Motor Credit
Company, Defendants,
Ford Motor Credit Company, Defendant-Appellant.
Dennis VISSICHELLI, Plaintiff-Appellee,
v.
TERRY FORD COMPANY and Ford Motor Credit Company,
Defendants-Appellants.
Thomas J. ROGERS and Phyllis Rogers, Plaintiffs-Appellees,
v.
FRANK JACKSON LINCOLN-MERCURY and Ford Motor Credit Company,
Defendants-Appellants.
 Nos. 77-2200, 77-3508, 78-2369, 78-2914, 79-1139, 79-1584,
79-2227, 79-2340, 79-2449 and 79-2672.
 United States Court of Appeals,
Fifth Circuit.*
 Jan. 12, 1982.
 
 Appeals from the United States District Court for the Northern District of Georgia; Newell Edenfield, Richard C. Freeman, William C. O'Kelley, Charles A. Moye, Jr. and Harold L. Murphy, Judges.
 Appeals from the United States District Court for the Eastern District of Louisiana; Alvin B. Rubin and Charles Schwartz, Jr., Judges.
 
 
 1
 Chaffe, McCall, Phillips, Toler & Sarpy, Peter A. Feringa, Jr., Norris S. L. Williams, New Orleans, La., Morton P. Levine, Burgess W. Stone, Atlanta, Ga., for Ford Motor Credit Co., et al.
 
 
 2
 William J. Wegmann, New Orleans, La., for Bohn Ford, Inc.
 
 
 3
 E. Penn Nicholson, Paul W. Bonapfel, Atlanta, Ga., for George Thompson Ford, Inc.
 
 
 4
 Joseph W. Thomas, New Orleans, La., for Janet Cenance.
 
 
 5
 Keith A. Rodriguez, Lafayette, La., for Nicole Antonio.
 
 
 6
 Hill, Jones & Farrington, Edward L. Baety, Atlanta, Ga., for Marion Shropshire and Solomon Wiggs.
 
 
 7
 Joseph H. King, Jr., Hill, Jones & Farrington, for Jimmy W. Farrell and Thomas J. and Phyllis Rogers.
 
 
 8
 Bowen, Derrickson, Goldberg & West, Ralph Goldberg, Atlanta, Ga., for Randolph Booker, Jr.
 
 
 9
 Frank L. Derrickson, Atlanta, Ga., for Michael Duane Culver.
 
 
 10
 Graydon W. Florence, Jr., Atlanta, Ga., for Dennis Vissichelli and Nicholas Strzelecki.
 
 
 11
 David S. Willenzik, New Orleans, La., for amicus curiae Consumer Bankers Ass'n, Washington, D. C., et al.
 
 
 12
 Larry Samuel, New Orleans, La., for amicus curiae Louisiana Consumers' League, Inc.
 
 
 13
 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
 
 
 14
 Before COLEMAN, PECK** and KRAVITCH, Circuit Judges.
 
 PER CURIAM:
 
 15
 On June 1, 1981, the United States Supreme Court affirmed in part and reversed in part a decision of this court, 621 F.2d 130 (5th Cir. 1980), affirming the district courts', 458 F.Supp. 1387, 430 F.Supp. 1064, holdings in each of these cases that Ford Motor Credit Company (FMCC) was a creditor under the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. and remanded the cases to this court for further proceedings in accordance with its opinion. Ford Motor Credit Co. v. Cenance, --- U.S. ----, 101 S.Ct. 2239, 68 L.Ed.2d 744 (1981).
 
 
 16
 The Court agreed with our prior opinion that FMCC was a creditor, not an assignee, under the Act. The Court, however, reversed our holding that FMCC had violated the Act by failing to disclose its status as creditor. The Court concluded that notice to the debtor that the credit contract had been assigned to FMCC satisfied the disclosure requirements of the Act.
 
 
 17
 In accordance with the Supreme Court mandate, therefore, we remand these cases to the respective district courts and direct those courts to vacate that portion of their judgments finding FMCC liable for failing to disclose its creditor status. Because the Court limited its grant of certiorari to the issue of FMCC as creditor, however, the remainder of our opinion dealing with various other asserted violations of the Act by FMCC is reinstated. IT IS SO ORDERED.
 
 
 18
 VACATED IN PART AND REMANDED.
 
 
 
 *
 Former Fifth Circuit case, Section 9(1) of Public Law 96-452-October 14, 1980
 
 
 **
 Circuit Judge of the Sixth Circuit, sitting by designation