EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a truth in lending case brought by a consumer against her creditors.
The creditors were personally served with copies of the summons and complaint. Upon their failure to plead or to otherwise defend, a writ of inquiry was held before the trial court, which rendered a judgment in favor of the creditors, awarding no damages. The consumer appeals. The creditors have filed no brief in this court. We reverse and remand.
Among other matters, the federal Truth in Lending Act requires a creditor to disclose the annual percentage rate as well as the number, amount and due dates or period of payments scheduled to repay the indebtedness as to closed-end sales transactions such as installment contracts. 15 U.S. C.A. § 1638 (1976 and Supp.1982). Such information is totally omitted from the instrument which was alleged to have been given here to the consumer by the creditors. The defendant creditors admitted such facts by their default and such omissions affirmatively appear from that instrument which was attached to the complaint as exhibit A. The trial court was requested at the hearing by the consumer to consider that attachment as proof of her claim.
The federal act must be literally construed in favor of the consumer and it is to be strictly enforced by the courts. Irvin v. Public Finance Co., 340 So.2d 811 (Ala.Civ.App.), cert. denied, 340 So.2d 815 (Ala.1976).
That act provides for statutory penalties whereby any creditor who fails to comply with its disclosure requirements is liable to the consumer for a reasonable attorney’s fee to be determined by the court and for an additional sum of twice the *431 amount of any finance charge m connection with the transaction, liability therefor being limited to not less than $100 nor more than $1,000. 15 U.S.C.A. § 1640 (Supp.1982). Here, the “cost of financing” as disclosed by the instrument was $84. The down payment made by the consumer was not part of the finance charge. The learned trial court should have awarded to the plaintiff, under the truth in lending count of her complaint, double the finance charge, which amounts to $168, plus a reasonable attorney’s fee as determined by that court. Fulghum v. Termplan, Inc., 383 So.2d 191 (Ala.Civ.App.1980); Kelly v. Beneficial Finance Co., 374 So.2d 338 (Ala.Civ.App.), cert. denied, 374 So.2d 340 (Ala.1979).
In addition to the truth in lending count, the plaintiff’s complaint also included other claims which sought damages for a breach of warranty and for misrepresentations by the defendants to her in the sale of a used automobile. Since we must reverse this case and remand it to the trial court for the error relative to the truth in lending count, we pretermit a decision upon the plaintiff’s contentions relative to the recovery of damages under the other alleged causes of action; for, after this reversal, the case stands as though the final judgment had never been rendered by the trial court. Christian Benevolent Burial Association v. Thornton, 241 Ala. 13, 1 So.2d 8 (1941).
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.