Charles Robert HAYSLIP,
Plaintiff-Appellant,

v.

**DUNLAP CHEVROLET COMPANY and MCC Financial Services, Inc.,**
Defendants-Appellees.

No. 77–1501
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 28, 1977.

Robert E. Steele, Jr., Macon, Ga., for plaintiff-appellant.

Bruce M. Hofstadter, Macon, Ga., for MCC Fin. Services, Inc.

Cubbedge Snow, R. Napier Murphy, Macon, Ga., for Dunlap Chev.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

RONEY, Circuit Judge:

In this case plaintiff seeks to recover for a violation of the Truth in Lending Act, 15 U.S.C.A. § 1601 *et seq.* Although the disclosure statement signed by him when he purchased his 1973 Vega was dated, no date appears in the area of the form where he indicated his desire for credit insurance. Assigning this omission as a violation of the applicable regulation, he filed suit. The district court concluded that the date at the top of the page was sufficient compliance with the regulation and dismissed his complaint. We affirm.

In August 1975 plaintiff Charles Hayslip bought a used car from defendant Dunlap

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Chevrolet. Financing was arranged through co-defendant MCC Financial Services, Inc. On making the purchase Hayslip signed a document entitled "Conditional Sales Security Agreement and Disclosure Statement." That document was dated in the upper right hand corner, but no date was entered on the line provided therefor in the blocked off area of the form entitled "Insurance Statement" even though Hayslip purchased credit insurance. Hayslip did sign his name in the space provided in the Insurance Statement.

Hayslip alleges that the absence of a date in the insurance section of the form violates the Truth in Lending Act and Regulation Z, 12 C.F.R. §§ 226.1 et seq. promulgated thereunder. He demands twice the amount financed under 15 U.S.C.A. § 1640(a).

The regulation in issue is 12 C.F.R. § 226.-4(a)(5)(ii). In context that regulation provides:

> Except as otherwise provided in this section, the amount of the finance charge in connection with any transaction shall be determined as the sum of all charges, payable directly or indirectly by the customer, and imposed directly or indirectly by the creditor as an incident to or as a condition of the extension of credit, whether paid or payable by the customer, the seller, or any other person on behalf of the customer to the creditor or to a third party, including any of the following types of charges: . . .
>
> (5) Charges or premiums for credit life, accident, health, or loss of income insurance, written in connection with any credit transaction unless . . .
>
> (ii) Any customer desiring such insurance coverage gives specific dated and separately signed affirmative written indication of such desire after receiving written disclosure to him of the cost of such insurance.

Plaintiff argues that this regulation requires his application for credit insurance to be independently dated. An examination of the language in question shows that this is not the case. The regulation imposes three requirements on an affirmative writ-

ten indication of a desire to purchase credit insurance. It must be (1) specific, (2) separately signed, and (3) dated. As can be seen the word "specific" modifies the word "indication." There is no suggestion that a date on the same piece of paper as the affirmative written indication, but outside of the box labelled Insurance Statement is inadequate. Because the Truth in Lending Act was designed to provide information to consumers so that they could make intelligent credit choices, and not to permit borrowers to recover windfalls, we decline to read such a requirement into the regulation.

The cases which have previously been faced with this precise problem have come to the same conclusion. As one court reasoned,

> where the disclosure statement containing the credit life disclosures and the debtor's affirmative written request for coverage is dated and there is no dispute as to the date the request was executed, the Regulation Z date requirement has been satisfied. Whether the date is at the top of the page on the disclosure statement or separately written next to the credit life request, the purpose of the Truth in Lending Act—to permit the debtor to make an informed credit choice—is equally well-fulfilled.

In re Warren, 387 F.Supp. 1395, 1404 (S.D. Ohio 1975). Accord Porter v. Household Finance Corp., 385 F.Supp. 336, 345 (S.D. Ohio 1974). This pragmatic approach, designed to further the ends for which the statute was enacted, has also been applied in analogous situations. See Young v. Ouachita National Bank in Monroe, 428 F.Supp. 1323, 1328 (W.D.La.1977) ("Although the date was typed rather than inserted by Mrs. Young's own act, the request for insurance was indeed dated and plaintiff signed it. To hold that Mrs. Young must have dated the insurance request in her own writing would violate the spirit of the [Truth in Lending Act]."); Gillard v. Aetna Finance Co., Inc., 414 F.Supp. 737 (E.D.La.1976) (insurance disclosures need not be completely within a separate boxed section at the bottom of the page, since lender may incorpo-

**194**

rate the costs of insurance by reference to figures at the top of the disclosure statement).

The date at the top of the form—indisputably the date upon which the written indication was signed—being sufficient to comply with the regulatory requirement that such indications be dated, the judgment of the district court is

AFFIRMED.