SWIFT, Judge.
On September 15, 1978, the defendants, Joe W. and Doris Stanley, purchased a 1975 Oldsmobile Cutlass from Big A Auto Sales, Inc. (Big A Sales) for $3250.00, of which $450.00 was paid in cash. The balance, $2800.00, was financed through a loan from Liberty Loan Corporation (Liberty Loan) evidenced by a retail installment contract, a note and a chattel mortgage.
In the section of the installment contract entitled “DISCLOSURES MADE IN COMPLIANCE WITH FEDERAL LAW” these cost factors appear:

In order for the Stanleys to obtain the loan, Big A Sales paid $344.40 which the Stanleys owed another finance company. This was repaid shortly thereafter, except for $191.00.
Two or three days after the purchase the Stanleys noticed a small pool of oil or transmission fluid under the automobile and also complained of two or three other minor faults. The car was returned to the seller, who had it checked by a transmission specialist that had worked on the transmission previously. He found nothing wrong with the transmission, but noticed a small oil leak from the engine which he did not think was significant. The Stanleys contended the leak continued and returned the car to Big A Sales for repair one or two more times. Not being satisfied, the defendants left the automobile at Big A Sales where it remained until the time of the trial.
When the Stanleys failed to make the first payment on their note, Liberty Loan filed this suit to recover $3538.69 (allegedly the balance owed less unearned interest of $1493.58), plus 27% interest from maturity for one year and 8% interest thereafter and 25% of principal and interest as attorneys fees. The plaintiff also sought judicial recognition of its chattel mortgage.
The Stanleys answered denying liability and later filed a reconventional demand against Liberty Loan seeking damages for several violations of the Truth in Lending Act (the Act), 15 U.S.C. § 1601 et seq., and Regulation Z (Reg.Z), 12 C.F.R. § 226, promulgated by the Board of Governors of the Federal Reserve System, and also LSA-R.S. 6:956. Included in this pleading was a third party demand against Big A Sales to rescind the sale on the ground of redhibition and recover the monies paid and also an attorney’s fee. Additionally, the Stanleys sought to annul the retail installment contract with Liberty Loan for failure of consideration by reason of the alleged redhibi-tory vice in the automobile. Big A Sales and Liberty Loan filed additional pleadings seeking indemnification from each other and also made other demands.
Following a trial on the merits, the judge found that some oil leaked from the vehicle shortly after the sale, but no more than would be expected from a 3V2 year old vehicle that had been driven 59,123 miles. He concluded this defect was not of “such major character” as to require rescission of the contract. Instead, he decreed a $191.00 reduction of the purchase price, which was offset by the balance owed by the Stanleys to Big A Sales for the payment it made on their behalf to the other finance company *1357 at the time of the sale. He also found that the Stanleys were entitled to credits of $262.80 for disability insurance that had been cancelled and $315.36 for credit life insurance which had not been taken out by Liberty Loan. He deducted these items from the $776.22 total of the “Other Charges” reflected in the disclosures. This left $198.06, which he added to the $2800.00 “Unpaid Balance of Cost Price” and arrived ' at $2998.06 as the total amount financed (except for the interest “FINANCE CHARGE”).
The trial judge also stated in his written reasons for judgment that some deficiencies in the detailed disclosures on the face of the loan agreement appeared to exist, but he felt that any damages suffered by the Stan-leys as a result would be compensated by reducing Liberty Loan’s recovery from the original amount sued for to $2998.06 with 7% interest from December 1, 1979, until paid. Liberty Loan’s chattel mortgage was recognized, but the various other demands asserted by the parties were denied. Formal judgment was rendered accordingly.
The Stanleys have appealed specifying that the trial court erred in (1) not awarding penalties and attorneys fees under the Truth in Lending Act and Regulation Z, (2) recognizing the chattel mortgage and (3) failing to void the retail installment contract between Liberty Loan and the Stan-leys.
Both Liberty Loan and Big A Sales have answered the appeal. Liberty Loan seeks to have the judgment in its favor increased to the demands originally prayed for and reversed insofar as it cast this appellee for one-half of the court costs. Big A Sales asks that the judgment be affirmed insofar as it denied rescission of the sale but reversed as to its denial of that appellee’s reconventional demand against the Stanleys for $191.00.
Joe and Doris Stanley obtained a loan from Liberty Loan in order to purchase jointly an automobile for their personal use. Thus, they were extended “consumer credit” within the meaning of the Act.[1] Liberty Loan is a creditor who regularly extends credit which is payable by agreement in more than four installments and requires payment of a finance charge in connection with its loans.[2] Big A Sales, however, is not such a creditor. It does not regularly extend consumer credit in the ordinary course of business. Although the trial judge correctly found that Big A Sales assisted the Stanleys in obtaining this loan, Big A Sales did not arrange for the extension of credit as that phrase is used in Reg. Z. The evidence reflects that Big A Sales did not receive a fee, compensation or other consideration for referring the Stanleys to Liberty Loan.[3] Gerasta v. Hibernia National Bank, 411 F.Supp. 176 (E.D.La.1976); *1358 Munson v. Orrin E. Thompson Homes, Inc., 395 F.Supp. 152 (D.Minn.1974). Further, even though Big A Sales may have had knowledge of the loan terms, it did not participate in the preparation of the contract documents required in connection therewith. Consequently, the duty to disclose the information required by the Act and Reg. Z and penalties for any failure to do so fall solely on Liberty Loan. With this in mind we will now determine whether or not the latter violated the Act.
Among other things, both the Act and Reg. Z specifically require individual itemization of all charges included in the loan which are not a part of the finance charge.[4]
In Young v. Ouachita Nat. Bank in Monroe, 428 F.Supp. 1323 (W.D.La.1977) the court stated the following in this regard:
“Consequently, it is clear that lending institutions must choose, as plaintiff argues, either to include the various expenses in the finance charge, or itemize them in detail; merely summarizing or categorizing fees and expenses is not adequate disclosure.” [Emphasis added]
The loan agreement in the instant case discloses a charge of $158.00 which is listed as “Registration Fees” in (4)(e) of the cost factors. The manager of Liberty Loan when the transaction occurred testified that this item actually consisted of three charges: sales tax, title and transfer fees. These individual charges were not itemized or disclosed anywhere else in the loan agreement. Although they may have been included in the finance charge under 12 C.F.R. § 226.4, this was not done. Therefore, the failure to individually itemize these charges in the disclosures clearly violated 15 U.S.C. § 1639(a)(2) and 12 C.F.R. § 226.8(d)(1). Starks v. Orleans Motors, Inc., 372 F.Supp. 928 (E.D.La.1974), affirmed 500 F.2d 1182 (5th Cir. 1974); Grant v. Imperial Motors, 539 F.2d 506 (5th Cir. 1976); Meyers v. Clearview Dodge Sales, Inc., 539 F.2d 511 (5th Cir. 1976), cert. denied, 431 U.S. 929, 97 S.Ct. 2633, 53 L.Ed.2d 245 (1977).
The Stanleys have asserted other disclosure violations, some of which appear to have merit. However, we need not consider them because a single infraction will permit a consumer to recover the statutory damages and attorneys fees under 15 U.S.C. § 1640. Young v. Ouachita Nat. Bank in Monroe, supra.
The trial judge attempted to do justice for what appeared to him to be “some deficiencies” in the disclosures on the loan agreement by reducing Liberty Loan’s recovery. This was an error.
There is no discretion as to imposition of the penalty and attorney’s fee.[5] If *1359 the trier of fact finds a violation, no matter how seemingly small or technical, he must impose the statutory liability. Grant v. Imperial Motors, supra; Owens v. Magee Finance Service of Bogalusa, Inc., 476 F.Supp. 758 (E.D.La.1979).
Both Mr. and Mrs. Stanley signed the loan agreement and the promissory note. Consequently, they are liable as soli-dary obligors. Liberty Loan owed to each obligor the duty to disclose.[6]
This provision and the reference in 15 U.S.C. § 1640(a) to “any person” indicate that a creditor who fails to disclose credit provisions to solidary obligors is liable for the penalty to each solidary obligor. Therefore, in our opinion Liberty Loan owes both Joe Stanley and Doris Stanley the statutory penalties. Twice the finance charge involved in this case exceeds the $1000.00 maximum due to each consumer under the Act. Therefore, the total penalty to be imposed in this suit is $2000.00. Davis v. United Companies Mortgage and Investment of Gretna, 551 F.2d 971 (5th Cir. 1977), rehearing denied, 554 F.2d 1065 (5th Cir. 1977); Cody v. Community Loan Corp. of Richmond County, 606 F.2d 499 (5th Cir. 1979), rehearing denied, 608 F.2d 1373 (5th Cir. 1979), Mirabal v. General Motors Acceptance Corporation, 537 F.2d 871, 881-883 (7th Cir. 1976), appeal after remand, 576 F.2d 729 (7th Cir. 1978), cert. denied, 439 U.S. 1039, 99 S.Ct. 642, 58 L.Ed.2d 699 (1978).
We recognize that there exists a difference of opinion on this question among the United States Courts of Appeals. For example, see Powers v. Sims and Levin, 542 F.2d 1216, 1219-20 (4th Cir. 1976); Milhollin v. Ford Motor Credit Company, 588 F.2d 753 (9th Cir. 1978), reversed on other grounds, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980). However, our view on the subject coincides with that of the Fifth Circuit.
We turn now to the assignments of error concerning the avoidance of the consumer loan and the chattel mortgage.
The retail installment contract expressly provides:
“Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of the goods or services obtained pursuant hereto or with the proceeds hereof.... ”
The Stanleys contend that since the 1975 Cutlass purchased with the proceeds of the loan possessed a redhibitory defect which rendered it useless, the sale should have been rescinded. In such case there was a failure of consideration for the loan and the security.
As stated hereinabove, the trial judge found that the small amount of leakage established was insignificant and should have been expected from a vehicle of such age and use. Consequently, he concluded it was not such a defect as would give rise to rescission of the sale, but simply a reduction of the purchase price. From our review of the record we cannot say that the trial judge’s findings in these essentially factual matters were clearly wrong. We therefore affirm the judgment in this respect.
Since the Stanleys are not entitled to a rescission of the sale because of a redhibito-ry vice, their contention that there was a failure of consideration for the loan and chattel mortgage is without merit. Also, we are unable to find in the Truth in Lending Act or Regulation Z any provision for the avoidance of this transaction because of a failure to disclose violation. Therefore, it is enforceable against the Stanleys, subject to the penalties provided by the Act.
We also agree with the trial judge’s determination that the amount financed was actually $2,998.06 in view of the Stanleys’ timely cancellation of the disability insurance premium of $262.80 and Liberty Loan’s failure to expend the $315.36 charge for credit life insurance.
Both Liberty Loan and the Stanleys are entitled to recover from the other a reason *1360 able attorney’s fee, the former under the terms of the retail installment contract and the latter under 15 U.S.C. § 1640(a)(3). From our review of the record the services provided by their respective attorneys appear to have been relatively the same and we believe each side is entitled to an equal award for this item. However, as they would offset each other our decree will not contain any provision for attorneys’ fees.
For the foregoing reasons, the judgment of the district court is amended and its decree recast as follows:
It is Ordered, Adjudged and Decreed that judgment be rendered herein in favor of the plaintiff, Liberty Loan Corporation, and against the defendants, Joe W. Stanley and Doris Stanley, in solido, in the full sum of $2,998.06, with interest thereon from September 15, 1978, until paid at the rate of 27% per annum for the first year and 8% per annum interest thereafter; subject to a credit in the sum of $2,000.00 as of date of judicial demand therefor.
It is further Ordered, Adjudged and Decreed that the chattel mortgage affecting the vehicle in this litigation be and it is hereby recognized by this Court.
It is further Ordered, Adjudged and Decreed that all demands of Big A Auto Sales, Inc. be denied and that the demands of Liberty Loan Corporation against Big A Auto Sales, Inc. be denied.
It is further Ordered, Adjudged and Decreed that the demands of Joe W. Stanley and Doris Stanley against Aetna Casualty & Surety Company be denied.
It is further Ordered, Adjudged and Decreed that all costs of Court be paid one-half by Liberty Loan Corporation and one-half by Joe W. Stanley and Doris Stanley.
The costs of appeal are also assessed in the proportions of one-half to plaintiff-ap-pellee, Liberty Loan Corporation, and one-half to defendants-appellants, Joe W. Stanley and Doris Stanley.
AMENDED AND AFFIRMED.

. “The adjective “consumer”, used with reference to a credit transaction, characterizes the transaction as one in which the party to whom' credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, household, or agricultural purposes.” 15 U.S.C. § 1602(h)
“ ‘Consumer credit’ means credit offered or extended to a natural person, in which the money, property, or service which is the subject of the transaction is primarily for personal, family, household, or agriculural (sic) purposes. ‘Consumer loan’ is one type of ‘consumer credit’.” 12 C.F.R. § 226.2(p)

. “The term ‘creditor’ refers only to creditors who regularly extend, or arrange for the extension of, credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise. * * * ” 15 U.S.C. § 1602(f)
“ ‘Creditor’ means a person who in the ordinary course of business regularly extends or arranges for the extension of consumer credit, or offers to extend or arrange for the extension of such credit, which is payable by agreement in more than four instalments, or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise. * * * ” 12 C.F.R. § 226.2(s)

.“ ‘Arrange for the extension of credit or for lease of personal property’ means to provide or offer to provide consumer credit or a lease which is or will be extended by another person under a business or other relationship pursuant to which the person arranging such credit or lease
*1358 “(1) Receives or will receive a fee, compensation, or other consideration for such service, or
“(2) Has knowledge of the credit or lease terms and participates in the preparation of the contract documents required in connection with the extension of credit or the lease. * * ” 12 C.F.R. § 226.2(h)

. “Any creditor making a consumer loan . . . shall disclose each of the following items, to the extent applicable:
* * * * * *
“(2) All charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge. * * * ” 15 U.S.C. § 1639(a)(2)
“In the case of a loan ... in addition to the items required to be disclosed under paragraph (b) of this section, the following items, as applicable, shall be disclosed:
“(1) The amount of credit . . . which will be paid to the customer or for his account or to another person on his behalf, including all charges, individually itemized, which are included in the amount credit extended but which are not part of the finance charge, using the term ‘amount financed.’ ” 12 C.F.R. § 226.-8(d)(1)

. “(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part or part D or E of this subchapter with respect to any person is liable to such person in an amount .equal to the sum of—
* * * * * * “(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, .. ., except that the liability under this subparagraph shall not be less then $100 nor greater than $1,000;
“[and] (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney’s fee as determined by the court.” 15 U.S.C. § 1640

. “Each creditor shall disclose clearly and conspicuously, in accordance with the regulations of the Board, to each person to whom consumer credit is extended, the information required under this part or part D of this subchapter.” 15 U.S.C. § 1631(a)