21873

The CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH
CAROLINA, Respondent, v. Norman E. SWEET, Appellant.
(300 S. E. (2d) 733)

*Martin Wegbreit* and *Orrie E. West,* Conway, *for appellant.*

*Richard M. Lovelace, Jr.,* of *Lovelace & Battle,* Conway, *for respondent.*

March 8, 1983.

*Per Curiam:*

This appeal is taken from partial summary judgment dismissing defendant's counterclaim to an action upon a note and security agreement. We affirm.

The parties entered into an automobile loan transaction. Appellant is alleged to have defaulted in repayment, and, in a deposition, he apparently admits the failure to pay. When action was brought by the respondent, a counterclaim was filed based upon the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* Defendant's pleading alleged two violations: (1) failure of the plaintiff to "specifically describe" and "separately itemize" an official fee, in violation of 15 U.S.C. § 1605(d); (2) failure of the plaintiff to accurately and completely disclose the nature of the security interest retained by the security agreement, in violation of 15 U.S.C. § 1638(b). Upon this theory, defendant sought statutory damages mandated by 15 U.S.C. § 1640(a).

The official fee at issue in this case consisted of one dollar and twelve cents ($1.12) payable as a documentary stamp tax. The figure represents a single payment for a single purpose. Appellant strenuously contends that this amount should somehow have been further "itemized." The logic of the argument escapes us. We are also impressed by the lack of any authority to support this precise proposition. Close examination of the numerous cases cited by appellant reveals a wide variety of situations ranging from outright concealment of taxes or fees as part of the "purchase price" to cases of multiple, disparate charges being lumped together under a single heading. *See e.g. Myers v. Clearview Dodge Sales, Inc.* 5 Cir., 539 F. (2d) 511, cert. den. 431 U. S. 929, 97 S. Ct. 2633, 53 L. Ed. (2d) 245; *Young v. Ouachita Nat. Bank,* 428 F. Supp. 1323. In none of these cases, however, do we find a creditor held liable for failure to subdivide the indivisible. Additional research convinces us that such is the intent of neither the Truth in Lending Act nor Regulation Z, 12 C.F.R. Section 226.1 et seq. *Cenance v. Bohn Ford Inc.,* 5 Cir., 621 F. (2d) 130; *Knighten v. Century Dodge, Inc.,* 5 Cir., 607 F. (2d) 1096; *Downey v. Whaley-Lamb Ford Sales, Inc.,* 5 Cir., 607 F. (2d) 1093, 1095, 51 A.L.R. Fed. 749; Annotation, "Truth in Lending

— Itemization," 51 A.L.R. Fed. 754. The circuit court properly granted summary judgment as to this portion of the counterclaim.

Appellant contends that the respondent failed to adequately describe a retained security interest in motor vehicle parts that might in the course of the indebtedness be added to the collateral. Appellant contends that such a security interest would be governed by Section 36-9-204, Code of Laws of South Carolina, 1976, which limits after acquired property interests to acquisitions occurring within ten days of, in this case, a loan advance. This position is taken by appellant despite the clear statutory exemption of "accessions" which are the subject of 36-9-314, Code a provision of the Uniform Commercial Code, universally understood to deal with automobile parts. See Official Comment 2, Section 36-9-314, Code. Prior to the Uniform Commercial Code, the common law of this State regarded motor vehicle parts as subject to the rule of accession. *Goodrich Silvertown Inc. v. Rogers*, 189 S. C. 101, 200 S. E. 91. We find the contention to be without merit.

Partial summary judgment for the plaintiff is affirmed and the cause remanded for further proceedings.