CIACCIO, Judge.
Defendant, Gail Duncan appeals the trial court’s judgment holding her in default of an automobile lease-purchase agreement and granting plaintiff, Ren-Car Leasing Co., “Ren-Car”, a judgment for $5,559.42 representing past due rental payments and late charges, reduced value of the vehicle and attorney’s fees. We affirm the trial court’s judgment.
On or about April 3, 1986 Ms. Duncan entered into a lease-purchase agreement with Ren-Car for a 1983 LTD Crown Victoria automobile at a rate of $260.00 per month. In response to a blind advertisement in the newspaper Gail Duncan, who was interested in purchasing a car, contacted a Mr. Benny James. She was taken to Boom, Inc. but was unable to purchase a car from them. Mr. James subsequently arranged for Ms. Duncan to enter into a lease-purchase agreement with Ren-Car. Ms. Duncan testified that she gave an $800.00 down payment to James at the time she took possession of the car.
Ren-Car submitted into evidence a ledger sheet documenting all payments received from Ms. Duncan in connection with the lease-purchase of the car. This ledger sheet indicates that the first payment was received by Ren-Car on May 2nd, 1986 in the amount of $260.00 and was applied to the April rental of the vehicle. Subsequent entries continue on the ledger sheet through July 13, 1987 when a partial payment in the amount of $89.00 is recorded. Most of the payments were made late and were made in partial payments ranging from $11.00 to $150.00. There was only one full monthly payment in the amount of $260.00 paid on July 14,1986 for the month of June. On or about July 1987 Ren-Car discovered that insurance on the vehicle had been cancelled in May, 1987 for nonpayment of premiums. After calling upon Ms. Duncan to reinstate the insurance without success Ren-Car took legal action and regained possession of the vehicle.
Ren-Car sued Ms. Duncan for amounts claimed to be owed under the default provisions of the lease. At trial Ms. Duncan argued that 1) the lease violated Title 15 U.S.Code Sec. 1667a(2) because Ren-Car failed to disclose the payments required at the inception of the lease, 2) Ren-Car’s advertisement failed to follow the requirements of Title 15 U.S.Code Sec. 1667c(a) which concerns complete and accurate information and 3) the liquidated damages provisions of the lease were not reasonable within the meaning of Title 15 U.S.Sec. 1667b(b) and La.R.S. 9:3301 et. seq. The trial court granted judgment in favor of Ren-Car after finding that Ms. Duncan had failed to prove any of her defenses.
Chapter 41 of Title 15 U.S.Code is commonly known as the Federal Truth in Lending Act. Section 1667a(2) provides:
Sec. 1667a. Consumer lease disclosures Each lessor shall give a lessee prior to the consummation of the lease a dated *1375 written statement on which the lessor and lessee are identified setting out accurately and in a clear and conspicuous manner the following information with respect to that lease, as applicable:
(1) A brief description or identification of the leased property:
(2) The amount of any payment by the lessee required at the inception of the lease:
Ms. Duncan claims that when Mr. James arranged the lease-purchase agreement she gave him an $800.00 cash payment which she assumed was a downpayment on the purchase of the car. She argues that under the Federal Truth in Lending Act Ren-Car was required to disclose all payments required at the inception of the lease, and, its failure to disclose her downpayment was a violation of the Act, rendering the lease invalid.
Ren-Car urges that Ms. Duncan should not be allowed to pursue her Truth in Lending defense because she did not allege this affirmative defense in her answer, but only filed a general denial. This reasoning by Ren-Car would be correct if plaintiff had not allowed extensive testimony regarding the $800.00 payment to go into evidence during the trial without objection. At the conclusion of the trial the trial judge ordered the pleadings amended to conform to the evidence. This ruling was correct. Plaintiff’s objections came too late at the trial level. The issue was properly before the trial judge, it was briefed by both parties in post-trial memorandums and is now properly before us.
The trial judge gave extensive written reasons in support of his judgment. He found that, except for her testimony, Ms. Duncan offered no documentary proof of the $800.00 payment claimed to have been paid to James. The lease and ledger sheet made no reference to any such payment. The judge made a credibility call that Ms. Duncan had failed to prove the existence of the $800.00 advance payment and, after reviewing the record, we cannot say that he was clearly wrong.
Ms. Duncan also argues that the trial court erred in finding that Ren-Car did not violate Sec. 1667c(a) of the Federal Truth in Lending Act in advertising the lease of the vehicle. We find no clear error with the trial court’s finding. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Section 1667c(a), entitled “Consumer lease advertising; liability of advertisers” sets forth the information required whenever an advertisement to aid, promote or assist a consumer lease states payment amounts, the number of required payments and whether any downpayment or other payments at the inception of the lease is necessary. The trial court found that Ms. Duncan’s allegations that Ren-Car violated this provision were without basis because there is no indication that Ren-Car authorized or had knowledge of the advertisement. No evidence of an advertisement was even offered to substantiate Ms. Duncan’s allegations that it was misleading. This assignment of error lacks merit.
Finally Ms. Duncan claims that there is also a violation of Sec. 1667b(b) of the Federal Truth in Lending Act concerning penalties and charges for default or early termination. Ms. Duncan claims that a one-third attorney’s fee inappropriate and unreasonable. Ms. Duncan further refers to the Louisiana Lease of Moveables Act, La.R.S. 9:3301 et seq., particularly section 3325, relating to the reasonableness of liquidated damages.
Having reviewed Ren-Car’s lease, specifically section 17 entitled “Defaults”, section 18 entitled “Venue of Legal Actions, Attorney’s Fees and Costs”, and Section 4 entitled “Rental and Other Charges” (which addresses the sale of a vehicle upon default), we do not find that they are unreasonable on their face. In regards to attorney’s fees the trial court concluded that calculated either by a value of one-third for attorney’s fees or calculated on the basis of time expended, hourly rates and other factors that are normally con *1376 sidered in an award of attorney’s fees, the same, or virtually the same amount would be reached under either procedure. The trial court found that a violation of the stated statutes was not proven by a preponderance of the evidence and we agree. This assignment of error also lacks merit.
In Aetna Finance Co. of Baton Rouge v. Perkins, 448 So.2d 121 (La.App. 1 Cir.1984), the court cited Liberty Loan Corporation v. Stanley, 389 So.2d 1355, 1359 (La.App. 3rd Cir.1980) in holding that despite Aetna’s violation of the disclosure requirements of the Truth in Lending Law and its regulations they were unable to find any provision which would authorize the avoidance of the transactions. Ms. Duncan does not urge any other grounds such as La.R.S. 9:551 or 9:552, which offer an avoidance remedy for unconscionable consumer transactions and against creditors who act in bad faith to consumer complaints concerning violations. The facts surrounding this transaction do not support an avoidance remedy on either of these grounds.
For the foregoing reasons the judgment of the trial court is affirmed.
All costs of these proceedings at trial and on appeal are assessed against appellant.
AFFIRMED.